UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIAM JOSEPH VANHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-245-WTL-DKL |
| | ) | |
| CITY OF MUNCIE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

William Joseph Vanhorn is a state prisoner who alleges that on December 14, 2008, he was unlawfully arrested, searched, and detained at the Delaware County Jail. As a result of the allegedly illegal arrest, search, and detention, the police acquired evidence used to convict Vanhorn of Burglary, for which he is currently serving a fifteen year sentence. Vanhorn is appealing his conviction. Vanhorn seeks money damages and judgment declaring that his search, arrest, and incarceration violate the United States Constitution.

Because Vanhorn is a prisoner, the complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). The plausibility requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure, see Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), is defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Vanhorn's claims are governed by *Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007). *Wallace* involved a claim of unlawful arrest and detention without legal process, which, if the plaintiff prevailed, would render the criminal conviction invalid. The Supreme Court stated:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. See [*Heck v. Humphrey*, 512 U.S. 477,] at 487-488, n.8, 114 S. Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S. Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997); Heck, 512 U.S., at 487, 114 S. Ct. 2364.

Vanhorn's complaint shows that he is raising precisely the type of claims noted in *Wallace*, that he has been convicted, and that his challenge to that conviction is ongoing. It follows, then, that Vanhorn's unlawful arrest, search and detention claims are not cognizable under ' 1983 until–and unless–his state criminal conviction is resolved in his favor.

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim against the defendants. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

**IT IS SO ORDERED.**

Date: 5/03/12

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

William Joseph Vanhorn
883134
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135